UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONNOR BREDALL,

    Plaintiff,

v.                                                            Case No. 8:18-cv-597-T-AAS

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration,

    Defendant.
_____/

## ORDER

Connor Bredall seeks judicial review of a decision by the Commissioner of Social Security (Commissioner) denying his claim for supplemental security income (SSI) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), administrative record, pleadings, and joint memorandum the parties submitted, the Commissioner's decision is **REMANDED** for further consideration consistent with this order.

**I.    PROCEDURAL HISTORY**

Mr. Bredall applied for a disability he claims began on October 5, 1996 (which is also his birthdate). (Tr. 220–28). Disability examiners denied Mr. Bredall's application initially and after reconsideration. (Tr. 81–88, 91–100). Mr. Bredall then requested a hearing before an ALJ, who found Mr. Bredall not disabled. (Tr. 10–19, 118–20).

1

The Appeals Council denied Mr. Bredall's request for review of the ALJ's decision; so, the ALJ's decision is the Commissioner's final decision. (Tr. 1–3). Mr. Bredall now seeks judicial review of the Commissioner's final decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Mr. Bredall was eighteen years old when he submitted his SSI application and twenty years old when the ALJ held the hearing. (Tr. 28, 220). Mr. Bredall has a high-school education and some college education. (Tr. 28). He has no past relevant work, and he claimed disability because of "Asperger--allergies." (Tr. 74, 81).

### B. Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. § 416.920(a). First, if a claimant is engaged in substantial gainful activity,[2] he is not disabled. § 416.920(b). Second, if a claimant does not have an impairment or combination of impairments that significantly limit his physical or mental ability to perform basic work activities, then he does not have a severe impairment and is not disabled. § 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment included in the Listings, he is not disabled. § 416.920(d); 20

---

[1] If the ALJ determines that the claimant is under a disability at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 416.920(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. § 416.910.

2

C.F.R. pt. 404, subpt. P, app. 1. Fourth, if a claimant's impairments do not prevent him from performing past relevant work, he is not disabled. 20 C.F.R. § 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[3] Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent him from performing other work that exists in the national economy, then he is not disabled. § 416.920(g).

Disability applicants between eighteen and twenty-five years old are considered young adults. SSR 11-2p, 2011 WL 4055665, at *2 (Sept. 12, 2011). The five-step sequential analysis is also used to analyze young-adult disability claims. *Id.*

The ALJ here determined Mr. Bredall engaged in no substantial gainful activity since the date he applied for SSI. (Tr. 12). The ALJ found Mr. Bredall has a severe impairment: autism spectrum disorder. (*Id.*). Nonetheless, the ALJ found Mr. Bredall's impairments or combination of impairments failed to meet or medically equal the severity of an impairment included in the Listings. (*Id.*).

The ALJ then found Mr. Bredall has the RFC to perform a full range of work at all exertional[4] levels. (Tr. 14). But the ALJ found Mr. Bredall has the following non-exertional limitations:[5]

---

[3] A claimant's RFC is the level of physical and mental work he can consistently perform despite his limitations. § 416.945(a).

[4] Exertional capacity is the claimant's ability to sit, stand, walk, lift, carry, push, and pull. SSR 96-9p, 1996 WL 374185, at *5 (July 2, 1996). An exertional limitation is an impairment-caused limitation to the claimant's exertional capacity. *Id.*

[5] A non-exertional limitation is an impairment-caused limitation affecting other capacities, like mental abilities. SSR 96-9p, 1996 WL 374185, at *5.

> [Mr. Bredall] can perform low stress work with 1-2 step processes, routine and repetitive tasks. The clamant can work primarily with things rather than people.

(Tr. 14). Based on these findings, the ALJ determined Mr. Bredall could perform jobs that exist in significant numbers in the national economy, specifically as a laundry laborer, floor waxer, and cleaner or housekeeper. (Tr. 18). Therefore, the ALJ found Mr. Bredall not disabled. (Tr. 19).

### III. ANALYSIS

#### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's

decision. *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

**B.    Issues on Appeal**

Mr. Bredall argues the Commissioner's decision should be remanded for three reasons. (Doc. 22).  First, Mr. Bredall argues the ALJ failed to properly consider medical and non-medical evidence in the record. (*Id.* at 22–35).  Second, Mr. Bredall argues substantial evidence does not support the ALJ's RFC determination. (*Id.* at 42–45).  Third, Mr. Bredall argues the ALJ erred when considering Mr. Bredall's statements about the severity of his impairments. (*Id.* at 48–51).

This order will focus on Mr. Bredall's first issue: whether the ALJ properly considered medical and non-medical evidence in the record.

1.    <u>Medical Evidence</u>

Mr. Bredall argues the ALJ failed to properly consider the medical opinion from state-agency consultant Dr. Alan Harris. (*Id.* at 23–25).  According to Mr. Bredall, the ALJ failed to consider Dr. Harris's opinion that Mr. Bredall required a job coach. (*Id.* at 24).  Mr. Bredall argues the ALJ's RFC determination failed to consider Mr. Bredall's need for a job coach. (*Id.*).

Mr. Bredall also argues the ALJ failed to state the weight he gave medical opinions from Drs. Ryan Smitherman (Mr. Bredall's treating psychiatrist) and Steven Wu. (*Id.* at 25–27).  Mr. Bredall argues Drs. Smitherman's and Wu's opinions are

relevant because they repeatedly noted behaviors consistent with Mr. Bredall's claimed Asperger's disability. (Doc. 22, pp. 25–27). Therefore, Mr. Bredall concludes the ALJ's failure to discuss probative medical opinions requires remand. (*Id.* at 26).

The Commissioner argues the ALJ properly considered Dr. Harris's opinion, including his opinion about Mr. Bredall's need for a job coach. (*Id.* at 36–37). The Commissioner also argues the ALJ accounted for the limitations Drs. Smitherman and Wu observed; therefore, Mr. Bredall failed to demonstrate that the failure to assign specific weight to their opinions requires remand. (*Id.* at 37–40).

The ALJ must state with particularity the weight given to different medical opinions and his reasons for doing so. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). The ALJ may reject any medical opinion if evidence supports a contrary finding, but he must still articulate reasons for assigning little weight. *Caulder v. Bowen*, 791 F.2d 872, 880 (11th Cir. 1986). Provided his decision does not broadly reject a claim for Social Security benefits, the ALJ need not refer to every piece of evidence. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014). Although it is unnecessary to refer to every piece of evidence, the ALJ must consider all available evidence and articulate the weight given to probative evidence. *Id.*; *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

The ALJ must give a treating physician's opinion considerable or controlling weight, unless good cause for not doing so exists. *Broughton v. Heckler*, 776 F.2d 960, 961 (11th Cir. 1985) (citation omitted). Good cause exists when evidence does not bolster the treating physician's opinion, evidence supports a contrary finding, or the

treating physician's opinion is conclusory or inconsistent with his own medical records. *Phillips*, 357 F.3d at 1240–41 (citation omitted). The ALJ must clearly articulate his reasons for rejecting a treating physician's opinion. *Id.* at 1241; *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 155, 1159 (11th Cir. 2004) (applying treating-physician analysis to treating psychiatrist).

The Commissioner's decision requires remand because the ALJ failed to assign weight to opinions from Drs. Smitherman (Mr. Bredall's treating psychiatrist) and Wu. Dr. Smitherman treated Mr. Bredall at the University of South Florida Health Psychiatry Center from August 2012 to May 2016. (Tr. 790–807, 812–16, 821–29, 838–47, 860–67, 889–99).[6] During that time, Dr. Smitherman noted Mr. Bredall's "lack of social skills/reciprocity and characteristic speech equality with restricted range of interest." (Tr. 793). Dr. Smitherman diagnosed Mr. Bredall with Asperger's disorder. (Doc. 798). Although he discussed Dr. Smitherman's records, the ALJ failed to assign weight to Dr. Smitherman's opinion. (Tr. 15–16). Further, Dr. Smitherman's opinion is presumably entitled to great weight because he is Mr. Bredall's treating psychiatrist. The ALJ's failure to state how much weight he assigned Dr. Smitherman's opinion requires remand.

The ALJ also failed to assign weight to Dr. Wu's opinion. In a psychological evaluation, Dr. Wu observed Mr. Bredall display "bizarre and socially inappropriate behaviors." (Tr. 869). Dr. Wu observed Mr. Bredall's "speech was digressive, overinclusive, pressured, and rambling" and that Mr. Bredall has "very limited

---

[6] Dr. Daniel Fallon also signed Dr. Smitherman's notes. (*See, e.g.*, Tr. 794).

7

psychological insight or sophistication." (Tr. 869). Dr. Wu concluded Mr. Bredall's "[s]ocial interaction and adaptation are impaired by his autism, concreteness, lack of social empathy and social comprehension, temper tantrums, and oppositional defiance." Dr. Wu ultimately diagnosed Mr. Bredall with autism spectrum disorder. (Tr. 873). Dr. Wu's opinion is therefore probative to Mr. Bredall's claimed Asperger's disability. Although the ALJ discussed Dr. Wu's findings, the ALJ failed to assign weight to Dr. Wu's opinion. (Tr. 16). The ALJ's failure to assign weight to a probative medical opinion requires remand.

2. <u>Non-Medical Evidence</u>

Mr. Bredall argues the ALJ improperly considered opinions from behavior analysts Tricia Jefferies and Emily Wade. (Doc. 22, pp. 27–30). According to Mr. Bredall, the ALJ erred when he assigned little weight to Jefferies's and Wade's opinions because their opinions are consistent with medical evidence that noted Mr. Bredall's need for significant accommodations in school. (*Id.*).

Mr. Bredall also argues the ALJ failed to address opinions from teachers Mike Hepburn, Nancy MacLauchlan, and Elena Perry. (*Id.* at 30–35). Mr. Bredall points out each teacher discussed Mr. Bredall's behavioral issues and accommodations he received. (*Id.*). Mr. Bredall concludes the ALJ's failure to address the teachers' opinions requires remand. (*Id.* at 35).

The Commissioner argues the ALJ properly assigned little weight to the opinions from behavioral analysts Jefferies and Wade. (*Id.* at 40–41). According to the Commissioner, the ALJ properly determined Jefferies's and Wade's opinions

8

about Mr. Bredall's need for accommodations were inconsistent with medical evidence showing Mr. Bredall performed well in school and had plans to live in college dorms. (Doc. 22, p. 40).

The Commissioner also argues the ALJ sufficiently considered the opinions from teachers Hepburn, MacLauchlan, and Perry. (*Id.* at 41–42). So, the Commissioner concludes the court should affirm the ALJ's decision. (*Id.* at 42).

In disability cases involving young-adult applicants, the Commissioner considers evidence from non-medical sources, like teachers and counselors. 20 C.F.R. § 416.913(a)(4); SSR 11-2p, 2011 WL 4055665, at *5.

The ALJ's decision demonstrates he considered the non-medical opinions in the record. The ALJ specifically discussed and assigned little weight to the opinions from Jefferies and Wade. (Tr. 17). And, at the hearing, the ALJ referenced notes from Mr. Bredall's teachers. (Tr.43).[7] These facts sufficiently demonstrate the ALJ considered the evidence from non-medical sources. The ALJ therefore committed no error with respect to the non-medical evidence.

### C. Remaining Issues

Courts review an ALJ's decision to determine whether substantial evidence supports the Commissioner's final decision. *Crawford*, 363 F.3d at 1158 (11th Cir.

---

[7] Examining Mr. Bredall at the hearing, the ALJ asked:

> Some of your teachers wrote that you were argumentative. Have you grown out of that or is that still—?

(Tr. 43).

9

2004). Without clearly articulating reasons for rejecting medical opinions, a court cannot determine whether substantial evidence supports the ALJ's decision. *Winschel v. Comm'r of Soc. Sec*, 631 F.3d 1176, 1179 (11th Cir. 2011). The court here cannot determine whether substantial evidence supports the ALJ's decision with respect to other issues Mr. Bredall raised because the ALJ failed to state how much weight he gave Dr. Smitherman's (Mr. Bredall's treating psychiatrist) or Dr. Wu's opinions. So, the court need not address other issues.

## IV. CONCLUSION

The ALJ failed to assign weight to Drs. Smitherman's and Wu's medical opinions. The Commissioner's decision is therefore **REMANDED** for further consideration consistent with this order, and the case is **DISMISSED**. The Clerk of Court must enter final judgment for Mr. Bredall consistent with 42 U.S.C. Sections 405(g) and 1383(c)(3).

**ORDERED** in Tampa, Florida, on March 4, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge